UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MAYRALIS CAMACHO-LÓPEZ,

    Plaintiff,

v.

SUPERINTENDENCIA DEL CAPITOLIO, et al.,

    Defendants.

Civil No. 3:14-CV-01928 (JAF)

## ORDER ON MOTION TO DISMISS

### I.

### Introduction

On or about April 8, 2013, Plaintiff Mayralis Camacho-López ("Camacho") filed a complaint in the Court of First Instance, Superior Court of San Juan, against, among other parties, Defendants Superintendencia del Capitolio ("Superintendencia") and Javier Vázquez Collazo ("Vázquez"), alleging that Defendants had violated her civil and constitutional rights under both Puerto Rico and federal law when, in January 2013, they dismissed her for politically-discriminatory reasons from her public-sector job with the Superintendencia in San Juan, Puerto Rico.[1] (ECF No. 30-1.) On June 10, 2014, after the Court had already dismissed several of her claims (ECF No. 30-2 at 3 n. 2), the Court entered a judgment holding that, as had been "agreed" to at a February 10, 2014 hearing, Plaintiff had "abandoned the action with prejudice in relation to . . . Vázquez."[2] (ECF No. 30-3 at 4.) On or about September 19, 2014, Defendants moved the Court to dismiss,

---

[1] Plaintiff was joined by several co-plaintiffs in her lawsuit before the Court of First Instance. For the sake of simplicity, the court will refer to Plaintiff alone when discussing this earlier lawsuit.

[2] The record does not indicate the reasons behind, nor the nature of, the underlying agreement.

with prejudice, Plaintiff's entire complaint on the ground that it lacked merit. (ECF No. 40-1 at 2.) Then, on or about September 25, 2014, Plaintiff, herself, moved the Court to dismiss her case "with prejudice, on the grounds that the action will be transferred to the federal forum." (ECF No. 29-1 ¶ 2.) On October 22, 2014, the Court granted Plaintiff's motion and dismissed the complaint "with prejudice." (ECF No. 40-1 at 4.)

Her earlier case now dismissed with prejudice, Plaintiff turned to this court. On December 30, 2014, she commenced this action by filing a complaint against Defendants, as well as the Commonwealth of Puerto Rico ("Commonwealth") and several fictitious co-defendants, alleging substantially the same federal and state-law claims as those in the dismissed Commonwealth case. (ECF No. 2.) On April 3, 2015, Defendants filed a timely motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), alleging, among other things, that Plaintiff's "claims are time-barred" under the applicable one-year statute of limitations. (ECF No. 15 at 8.) On April 23, 2015, Plaintiff responded to Defendants' motion, arguing that "her claims are not time barred" because she had tolled the statute of limitations by "fil[ing] suit against the instant defendants in San Juan Superior Court." (ECF No. 16 at 4.) On May 11, 2015, Defendants, with leave of the court, filed a timely reply to Plaintiff's response, claiming that, in light of Plaintiff's earlier case,[3] res judicata mandates the dismissal of this case because the Commonwealth case "was based on the same set of [alleged] facts," the earlier case's dismissal with prejudice constituted "a final judgment on the merits," and

---

[3] Defense counsel, who did not represent Defendants in the earlier Commonwealth case, appear to have been unaware of that suit until it was first mentioned by Plaintiff in her response. (ECF No. 23 at 6.)

the addition in this case of the Commonwealth and several fictitious parties as named co-defendants did not destroy the identity of parties between the two cases. (ECF No. 23 at 7-9.)

On May 28, 2015, Plaintiff, without seeking leave of the court, filed a sur-reply to Defendants' dismissal motion, asserting that her papers before the Court of First Instance had contained a mere "misnomer" or "scrivener's error" when they moved to dismiss her earlier case "with prejudice."[4] (ECF No. 27 ¶¶ 2-3.) According to Plaintiff, because it is "clear" that she had wanted her "claims to be heard in Federal Court," it would "elevate form over substance" for this court to give preclusive effect to the Court of First Instance's dismissal with prejudice of those claims. (ECF No. 27 ¶¶ 2-3.) On June 22, 2015, Defendants, with leave of the court, filed a timely response to Plaintiff's sur-reply, underscoring that, "in Puerto Rico, a voluntary dismissal, *with prejudice*, constitutes an adjudication on the merits [that] ultimately bars a party from relitigating the claims that were or could have been raised in the previous suit." (ECF No. 37 at 5) (emphasis in original). Defendants argue that if Plaintiff wants to transform the dismissal of her earlier case into one without prejudice, she must "request reconsideration or some other type of relief before the Puerto Rico State Court." (ECF No. 37 at 6.)

For the following reasons, the court grants Defendants' motion to dismiss on the ground that res judicata and collateral estoppel preclude litigation of the claims and issues raised in Plaintiff's complaint.

---

[4] Although Plaintiff denominated her sur-reply a "motion to supplement opposition to motion to dismiss," the court agrees with Defendants that this title attempts to camouflage how she "bypassed the correct procedural mechanism . . . [of] requesting leave to file a sur-reply." (ECF No. 33 at 2-3.)

## II.

## **Res-Judicata Standard**

"Federal courts are required to give full faith and credit to a final judgment issued by a court of the Commonwealth of Puerto Rico." *Barreto-Rosa v. Varona-Mendez*, 470 F.3d 42, 45 (1st Cir. 2006) (citing *Allen v. McCurry*, 449 U.S. 90, 95-96 [1980]). Under the full faith and credit statute, 28 U.S.C. § 1738, this court must "look to Puerto Rico law in order to determine the res judicata implications of the Court of First Instance's judgment." *Berríos v. Gonzalez-Rosario*, 630 F.3d 7, 11 (1st Cir. 2010). "Puerto Rico's law of res judicata is codified at 31 L.P.R.A. § 3343, which provides that a prior judgment will have preclusive effect when there is 'the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such.'" *Id*. at 11-12. "This provision encompasses both of the two traditional aspects of res judicata: claim preclusion and issue preclusion." *Id*. at 12 (citing *Coors Brewing Co. v. Mendez-Torres*, 562 F.3d 3, 19 [1st Cir. 2009]).

"Under Puerto Rico's res judicata scheme, claim preclusion 'binds parties from litigating or relitigating any claim that was or could have been litigated in a prior adjudication and prevents claim splitting,'; issue preclusion, on the other hand, 'forecloses relitigation in a subsequent action of a fact essential for rendering a judgment in a prior action between the same parties, even when different causes of action are involved.'" *Id*. (quoting *Gener-Villar v. Adcom Group, Inc*, 417 F.3d 201, 205 [1st Cir. 2005]). "A party asserting res judicata under Puerto Rico law must establish '(i) the existence of a prior judgment on the merits that is "final and unappealable"; (ii) a perfect

identity of thing or cause between both actions; and (iii) a perfect identity of the parties and the capacities in which they acted.'" *Universal Ins. Co. v. Office of the Ins. Comm'r*, 755 F.3d 34, 38 (1st Cir. 2014) (quoting *R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 183 [1st Cir. 2006]).

## III.
## Analysis

Fundamental principles of res judicata and collateral estoppel require this court to dismiss Plaintiff's political-discrimination case in light of the Court of First Instance's October 22, 2014 dismissal with prejudice of her earlier political-discrimination case. (*See* ECF No. 40-1 at 4.)

For starters, the Court of First Instance dismissed Plaintiff's Commonwealth case with prejudice on her own motion. (ECF No. 30-4 at 4.) And, "[a] voluntary dismissal with prejudice is considered a 'final and unappealable' judgment under Puerto Rico law." *Barreto-Rosa*, 470 F.3d at 45-46 (citing *Medina v. Chase Manhattan Bank*, 737 F.2d 140, 142 [1st Cir. 1984]). Moreover, "under Puerto Rico law a voluntary dismissal with prejudice is an adjudication on the merits [that] bars a party from relitigating the same cause of action." *Calderon Rosado v. General Electric Circuit Breakers, Inc.*, 805 F.2d 1085, 1086 (1st Cir. 1986) (citing *Medina*, supra). Accordingly, the Court of First Instance's judgment was final, unappealable, and on the merits.

Next, Plaintiff's Commonwealth case and her current case both involve claims arising from her January 2013 dismissal, for allegedly politically-discriminatory reasons, from her government job with the Superintendencia. Under Puerto Rico law, "[a] prior

and current action will share a perfect identity of thing if they involve the same object or matter and will share a perfect identity of cause if they . . . derive from a common nucleus of operative facts." *Universal Ins. Co.*, 755 F.3d at 38 (1st Cir. 2014) (quoting *Monagas v. De Arellano*, 674 F.3d 45, 51 [1st Cir. 2012]). Because Plaintiff's two lawsuits both complain about the same job dismissal for virtually the same reasons, they share the requisite identity of thing and cause. *See Baez-Cruz*, 140 F.3d at 30 (holding that a Puerto Rico administrative proceeding and a federal district court case shared the requisite identity because both focused on the plaintiff's claims that she had been wrongfully terminated from her job).

Finally, among the defendants sued by Plaintiff before the Court of First Instance were the Superintendencia, Vázquez (in both his personal and official capacities), his fictitiously-named wife Jane Doe, the conjugal partnership of Vázquez and Doe, both houses of the Puerto Rico Legislature, and some fictitious co-defendants. (ECF No. 30-1 at 1-3.) In this case, Plaintiff is once again suing the Superintendencia, Vázquez, Doe, the Vázquez-Doe conjugal partnership, and the fictitious co-defendants. (ECF No. 2 at 1-2.) But now, among the co-defendants being sued are the Commonwealth, instead of the Legislature, and some fictitious insurers, who "may" be indemnitors of the other co-defendants. (ECF No. 2 at 1-3.) Under Puerto Rico law, "[p]erfect identity of the parties exists if either (1) the parties in the current action were also parties in the prior action or (2) the parties in the current action are in 'privity' with the parties in the prior action." *Monagas*, 674 F.3d at 51 (citing P.R. Laws Ann. tit. 31, § 3343). This privity arises "whenever the litigants of the second suit are legal representatives of those who litigated

in the preceding suit, or when they are jointly bound with them or by the relations established by the indivisibility of prestations (i.e., 'a performance of something due upon an obligation' according to *Webster's New International Dictionary* 1796 [1971]) among those having a right to demand them, or the obligation to satisfy the same." *Baez-Cruz*, 140 F.3d at 29 (quoting 31 L.P.R.A. § 3343) (parenthetical in original). In this case, both the Commonwealth and the fictitious insurers possess sufficient privity with co-defendants Superintendencia and Vázquez, who were also co-defendants in the Commonwealth case, to be viewed as identical parties under Puerto Rico law. After all, any liability of the Commonwealth, under respondent superior, and of the insurers, under the insurance contract, will track and be fully contingent upon the liability, if any, of Superintendencia and Vázquez. *See Baez-Cruz*, 140 F.3d at 30 (finding identity of parties between a municipality and its officers because of their shared obligation to satisfy a political-discrimination claim); *see also Futura Dev. Corp. v. Centex Corp.*, 761 F.2d 33, 43 (1st Cir. 1985) (finding identity of parties between a parent company and its subsidiaries). Moreover, aside from naming them as co-defendants, the complaint does not allege any facts against the Commonwealth or the insurers, further proving that they have been added to this case only insofar as they stand in privity with the other co-defendants. Accordingly, a perfect identity of parties exists between the two lawsuits.

Res judicata and collateral estoppel, thus, clearly apply to preclude the litigation of Plaintiff's current claims.

Plaintiff does not contest the above analysis. Indeed, her response to Defendants' res-judicata defense effectively concedes that her claims are barred. (*See* ECF No. 27.)

Plaintiff nevertheless asks the court to exempt her claims from res judicata because, she asserts, it is "clear" that she had moved to dismiss her Commonwealth case on the ground that she was going to bring a federal action instead. (ECF No. 27 ¶ 2.) Plaintiff claims it was a mere "scrivener's error" or "misnomer" when her filings before the Court of First Instance seconded Defendants' then-pending motion to dismiss her case "with prejudice." (ECF No. 27 ¶¶ 2-3; *see also* ECF No. 40-1.) Even if her claim is true, plaintiff's request must be denied under First Circuit precedent.

In *Medina v. Chase Manhattan Bank,* 737 F.2d 140 (1st Cir. 1984), the plaintiff had moved a Commonwealth court to dismiss, without prejudice, his local wrongful-termination suit. *Id*. at 142. The defendant had opposed the motion on the ground that the court should instead dismiss the case "*with* prejudice." *Id*. (emphasis in original). In its order disposing of the case, the court granted the plaintiff's motion, but then dismissed the case "with prejudice," even though the plaintiff had moved for a dismissal without prejudice. *Id*. When the plaintiff later filed a federal complaint alleging the same wrongful-termination claims, the defendant filed a motion to dismiss it under res judicata. *Id*. And the district court granted the motion. On appeal, the plaintiff argued that res judicata should not apply to the prior judgment because it must have been "an unintentional mistake by the Court, or a secretary's typo," when the Commonwealth court granted his motion to dismiss without prejudice, but then dismissed his case "with prejudice." *Id.* at 144. The First Circuit unanimously rejected the plaintiff's argument, holding that, if the Commonwealth court had actually made a mistake in its judgment, the plaintiff's proper "recourse was to file a timely petition for reconsideration" before that

court. *Id.* The First Circuit then affirmed the district court's decision that, in light of the Commonwealth court's dismissal with prejudice of the earlier complaint, res judicata barred the claims in the plaintiff's federal complaint. *Id.* at 145.

Plaintiff's situation here is analogous to the one in *Medina*. In both cases, the plaintiff has claimed that res judicata should not apply to a prior judgment because that judgment has been infected by a critical typographical error – the mistaken substitution of the phrase "with prejudice" for "without prejudice." The only difference between their claims is that Plaintiff alleges that the error originated in her own motion papers, instead of in the prior court's judgment. But it is a difference without a distinction, as another First Circuit decision proves, because, in general, a federal court will not "second guess [a] lower court's decision to dismiss with prejudice even though res judicata would deny the plaintiff the opportunity to litigate his claim." *Barreto-Rosa v. Varona-Mendez*, 470 F.3d 42, 48 (1st Cir. 2006) .

In *Barreto-Rosa*, the First Circuit had to decide whether res judicata barred the plaintiff's political-discrimination claims under 42 U.S.C. § 1983 after she had successfully moved the Court of First Instance to dismiss, with prejudice, a parallel lawsuit involving the same claims on the ground that "adequate redress was pending in federal court." *Id.* at 44. On appeal, the plaintiff asserted that res judicata was "inapplicable because neither she nor the Court of First Instance expected the voluntary dismissal with prejudice of her initial claims to bar her § 1983 claim." *Id.* at 47. The First Circuit unanimously rejected that assertion because the plaintiff "should have known that the dismissal with prejudice would bar her federal claims because of res

judicata." *Id*. The Court imputed that constructive knowledge to her by pointing to the district court's analysis of the res-judicata consequences of a dismissal with prejudice of the parallel suit. *Id*. This court can now impute the same knowledge to Plaintiff by pointing to the First Circuit's res-judicata analysis in *Barreto-Rosa*. After all, Plaintiff retained professional counsel to represent her before the Court of First Instance, *see, e.g.*, ECF No. 27-1, and her attorney had a duty to represent her competently, which included knowing the basic res-judicata principles set forth in *Barreto-Rosa*, *see* 4 L.P.R.A. App. IX, Canon 18 ("Competence of the lawyer and advice to the client"). And, just like the plaintiff in *Barreto-Rosa*, Plaintiff, here, "voluntarily made the request to dismiss with prejudice [her Commonwealth case], thereby denying herself the opportunity to litigate her claim" in federal court. *Barreto-Rosa*, 470 F.3d at 48. Although Plaintiff may now rue that request, she must bear its consequences because the "tactical error was her own decision and was not the result of fraud, illegality, or any other outside force."[5] *Id*. Accordingly, it does not matter that Plaintiff now claims that her motion papers had erred by asking the Court of First Instance to dismiss her Commonwealth case with prejudice, instead of without prejudice.

In sum, under well-established principles of res judicata and collateral estoppel, the Court of First Instance's dismissal with prejudice of Plaintiff's earlier political-discrimination claims bars the litigation of those, and related, claims in this case.

---

[5] Insofar as Plaintiff's lawyer before the Court of First Instance gave her legally-incompetent advice about pursuing the tactical error of a dismissal with prejudice, the lawyer may be liable to her in tort under Article 1802 of the Puerto Rico Civil Code. *See* 31 L.P.R.A. § 5141.

## IV.
## **Conclusion**

The court hereby **GRANTS**, under Federal Rule of Civil Procedure 12(b)(6), Defendants' motion to dismiss the complaint on grounds of res judicata and collateral estoppel. (ECF No. 15.) Judgment will enter dismissing the present case.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 4th day of September, 2015.

S/José Antonio Fusté<br>JOSE ANTONIO FUSTE<br>U. S. DISTRICT JUDGE